

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

FILED

JUN 28 2022

Clerk, U. S. District Court
Eastern District of Tennessee
At Chattanooga

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) **No. 3:22-CR- 60** |
| **v.** | ) |
| | ) **JUDGES** Varlan / Poplin |
| **DAVID BYRON KING** | ) |

## INDICTMENT

### COUNT ONE
### (ATTEMPTED DISTRIBUTION OF CHILD PORNOGRAPHY)

The Grand Jury charges that in or about May 2022, within the Eastern District of Tennessee, defendant, **DAVID BYRON KING**, did knowingly attempt to and did distribute child pornography, as defined in Title 18, United States Code, Section 2256(8), that had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, in violation of Title 18, United States Code, Section 2252A(a)(2).

### COUNT TWO
### (RECEIPT OF CHILD PORNOGRAPHY)

The Grand Jury charges that in or about January 2021, within the Eastern District of Tennessee, defendant, **DAVID BYRON KING**, did knowingly receive child pornography, as defined in Title 18, United States Code, Section 2256(8), that had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, in violation of Title 18, United States Code, Section 2252A(a)(2).

## COUNT THREE
## (POSSESSION OF CHILD PORNOGRAPHY)

The Grand Jury charges that from in or about January 2021 to on or about May 18, 2022, within the Eastern District of Tennessee, defendant, **DAVID BYRON KING**, did knowingly possess material which contained an image of child pornography, as defined in Title 18, United States Code, Section 2256(8), that had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, in violation of Title 18, United States Code, Section 2252A(a)(5)(B).

### FORFEITURE ALLEGATIONS

1.      The allegations contained in Count 1 through Count 3 of this Indictment are re-alleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 2253.

2.      Pursuant to Title 18, United States Code, Section 2253, upon conviction of an offense in violation of Title 18, United States Code, Section 2252A, the defendant, **DAVID BYRON KING**, shall forfeit to the United States of America defendant's interest in the following:

    a.      Any visual depiction described in Title 18, United States Code, Sections 2251, 2251A, 2252, 2252A, or 2260, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Title 18, United States Code, Chapter 110;

    b.      Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the offenses; and

2

c. Any property, real or personal, used or intended to be used to commit or to promote the commission of the offenses.

3. The property to be forfeited includes, but is not limited to, the following property seized from defendant, **DAVID BYRON KING**, on or about May 18, 2022:

a. iPhone 12 Pro Max, Serial Number G0NDM0AY0D4, said to belong to **DAVID BYRON KING**.

4. If any of the property described above, as a result of any act or omission of the defendant: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty; the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2253(b).

A TRUE BILL:

GRAND JURY FOREPERSON

FRANCIS M. HAMILTON III
United States Attorney

By: _____
JENNIFER KOLMAN
Assistant United States Attorney

3