UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:22-CR-60-TAV-DCP-1 |
| DAVID B. KING, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This criminal case is before the Court on Defendant's Motion for Revocation of Detention Order [Doc. 14]. Defendant seeks revocation of the order of detention issued by Magistrate Judge Debra C. Poplin [Doc. 12]. The government filed a response [Doc. 16]. For the reasons discussed below, defendant's motion [Doc. 14] will be **DENIED**.

### I. Background

The indictment in this case charges defendant with knowingly attempting to and distributing child pornography that had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, in violation of 18 U.S.C. § 2252A(a)(2) [Doc. 1, p. 1]. The indictment also charges defendant with knowingly receiving child pornography that had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, in violation of 18 U.S.C. § 2252A(a)(2) [*Id.*]. The indictment further charges defendant with knowingly possessing material which contained an image of child pornography that had been shipped and transported in and affecting interstate and foreign commerce by any

means, including by computer, in violation of 18 U.S.C. 2252A(a)(5)(B) [*Id.* at p. 2]. On July 5, 2022, the parties appeared before Magistrate Judge Debra C. Poplin for a detention hearing [Doc. 9]. Judge Poplin heard argument by counsel and took the matter under advisement [*Id.*].

On July 7, 2022, Judge Poplin issued an order finding that the offenses charged in the indictment are by their nature dangerous crimes against children and standing alone, weigh heavily in favor of detention [Doc. 12, p. 3]. Judge Poplin noted that a rebuttable presumption for detention applies because while defendant presented sufficient evidence to narrowly rebut the presumption, the presumption and the weight of the government's proffer as to defendant's dangerousness is substantial [*Id.*]. Judge Poplin highlighted defendant's use of advanced technology such as end-to-end encryption and hidden electronic folders to conceal child pornography on his phone [*Id.*]. She also stated that defendant's lack of criminal history, strong family and community ties, and his employment history are tempered by his admission of sex addiction, his ability to conceal his activity from his family, and his presumed loss of employment [*Id.*]. Judge Poplin further stated that if defendant was released, the nature and seriousness of the danger posed to minor children is great [*Id.*].

Judge Poplin also considered whether the forfeiture of all electronic devices, prohibiting internet access, and any other conditions would alleviate safety concerns [*Id.*]. She found that defendant's dangerousness could not be mitigated, especially in light of his technological savvy [*Id.*]. She noted that courts have repeatedly found that prohibiting

2

internet access to someone on release is nearly impossible given the internet's ubiquitous presence [*Id.*]. Accordingly, Judge Poplin ordered defendant detained [*Id.*].

Defendant subsequently filed the instant motion for this Court to revoke the detention order under 18 U.S.C. § 3145(b) [Doc. 14]. Defendant argues the evidence presented warrants his release [*Id.*]. The government, in turn, responds in opposition to defendant's request [Doc. 16].

**II.     Analysis**

"If a person is ordered detained by a magistrate judge, . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." 18 U.S.C. § 3145(b). "A district court reviews *de novo* a magistrate judge's order of pretrial detention." *United States v. Blair*, No. 3:15-CR-56, 2015 WL 3486026, at *1 (E.D. Tenn. June 2, 2015).

Under 18 U.S.C. § 3142(e)(1), if "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial." "The government must prove risk of flight by a preponderance of the evidence" and "dangerousness to any other person or the community by clear and convincing evidence." *United States v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004). As the Sixth Circuit has stated, "the government's ultimate burden is to prove that no conditions of release can assure that the defendant will appear and to assure the safety of the community." *United States v. Stone*, 608 F.3d 939, 946 (6th Cir. 2010).

3

"[I]n determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community," the judicial officer must consider:

> (1) the nature and circumstances of the offense charged, including whether the offense . . . involves a minor victim . . . ; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including[:] (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and . . . (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C § 3142(g). However, according to 18 U.S.C. § 3142(e)(3)(E):

> [s]ubject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed[:] (E) an offense involving a minor victim under section . . . 2252A(a)(2) . . . of this title.

Application of this rebuttable presumption shifts the burden of production to the defendant; however, the government retains the burden of persuasion. *Stone*, 608 F.3d at 945. The defendant satisfies its burden of production by presenting evidence that "he does not pose a danger to the community or a risk of flight." *Id.* (internal quotation marks omitted).

After an independent, *de novo* review, the Court agrees with Judge Poplin that pretrial detention is appropriate. As a preliminary matter, the Court finds that the rebuttable presumption applies. As stated, a grand jury has charged defendant with violating 18 U.S.C. § 2252A(a)(2) by knowingly attempting to and distributing child pornography and knowingly receiving child pornography [Doc. 1, p. 1]. Thus, probable

4

cause exists to believe defendant has committed an offense described in 18 U.S.C. § 2252A(a)(2) that involves a minor victim. *See Hinton*, 113 F. App'x at 77 ("The indictment is sufficient to support a finding of probable cause triggering the rebuttable presumption.").

While the rebuttable presumption applies, the Court finds defendant has adduced sufficient evidence to rebut it. For example, defendant states that he withdrew from internet use prior to the indictment in this case, has no criminal history, and has a long career of service as a firefighter, paramedic, and fire protection inspector [Doc. 14, pp. 2–4]. Moreover, defendant states that he has lived in Sevier County for most of his life, and virtually all his family lives in either Sevier or Blount County, creating no ties to other places to which he could flee [*Id.* at p. 4]. *See United States v. Brown*, No. 2:07-mj-0290, 2008 WL 1990358, at *3 (S.D. Ohio May 1, 2008). He also notes that his financial resources are limited, and he does not have access to meaningful resources that create any risk of flight [Doc. 14, p. 4]. *See Brown*, 2008 WL 1990358.

However, while defendant rebutted the presumption of detention under § 3142(e)(3)(E), the Court finds that the government nevertheless satisfied its burden to demonstrate that no conditions would reasonably assure the safety of the community and the appearance of defendant at future proceedings. First, the nature and circumstances of defendant's offense support pretrial detention. Even when a defendant rebuts the § 3142(e)(3)(E) presumption, the presumption remains a factor the court should consider because the presumption itself "reflects Congress's substantive judgment that particular

5

classes of offenders should ordinarily be detained prior to trial." *Stone*, 608 F.3d at 945; *see also United States v. Fitzhugh*, No. 16-mj-30364, 2016 WL 4727480, at *4 (E.D. Mich. Sept. 12, 2016) (addressing the dangerousness of offenses involving children). The instant offense involved nearly 600 images of child pornography with 150 of those pictures depicting children being sexually molested, including prepubescent children [Doc. 12, p. 3]. *See* 18 U.S.C § 3142(g)(1) (noting that the judicial officer must consider whether the offense involved a minor victim).

Defendant takes issue with the government's characterization of defendant as having "technological savvy" [Doc. 14, p. 5]. Defendant argues that his ability to use end-to-end encryption and secret folders to store and protect child pornography on his phone do not give rise to him being technologically advanced [*Id.* at pp. 5–6]. Instead, he contends that these are common phone applications used by people every day [*Id.*]. As a result, defendant argues that conditions of release could have easily been fashioned to assure that defendant presents no risk to the community [*Id.* at p. 6]. He suggests that his wife could have been designated as a person to supervise him and report any violations of a release condition to the court [*Id.*].

While defendant did utilize end-to-end encryption and secret folders, the government has not necessarily demonstrated that using these features makes him technologically savvy. *See United States v. Pece*, No. 1:20-cr-186-1, 2020 WL 6263640, at *7 (N.D. Ohio Oct. 23, 2020) (stating that limitations on internet access were less likely to succeed where defendant had "a degree in applied computer technology, a job that gives

6

him access to computers, and the knowledge (and apparent willingness) to utilize computer technology to destroy or conceal evidence of his activity on the internet"). Instead, defendant states that these features are common on messaging applications and standard on all iPhones [Doc. 14, pp. 5–6].

However, merely limiting defendant's internet access by having his wife monitor his actions would not be enough to ensure that he would not gain access to the internet. "Courts have repeatedly noted that, generally, prohibiting internet access to someone on release is a near impossibility given the internet's ubiquitous presence." *Pece*, 2020 WL 6263640 (internal quotation marks omitted). Moreover, defendant has failed to demonstrate what steps his wife would take to monitor him so that he would be in full compliance with any release conditions imposed. *See Fitzhugh*, 2016 WL 4727480, at *2 (where the defendant was released based on his mother's steps of working from home, disconnecting the internet service at her home, forbidding the defendant from phone, tablet, or computer access, and forbidding the defendant from leaving her presence). As a result, technologically savvy or not, defendant has not shown that his proposed release conditions would reasonably assure the safety of the community.

Second, the weight of the evidence supports pretrial detention. "This factor goes to the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt." *Stone*, 608 F.3d at 948. "[S]exual exploitation of children via the internet, even without physical contact, harms children in real and lasting ways." *Pece*, 2020 WL 6263640, at *5. Moreover, offenses under 18 U.S.C. § 2252A are considered

7

crimes of violence under the Bail Reform Act. *Id.* (internal quotation marks omitted). Here, defendant is charged with violating both 18 U.S.C. §§ 2252A(a)(2) and 2252A(a)(5). As already noted, defendant was found with nearly 600 images of child pornography on his phone, and 150 of those pictures depicted children being sexually molested, including prepubescent children [Doc. 12, p. 3]. As a result, the weight of the evidence of dangerousness warrants pretrial detention.

Third, the Court finds defendant's history and characteristics support pretrial detention. Defendant states that he has no criminal history, no alcohol or drug abuse history, and no record of failing to appear in court [Doc. 14, pp. 4–5]. He also states that he has established ties to Sevier County where he has lived with his wife for 31 years and lacks financial resources to flee to another jurisdiction [*Id.* at p. 4]. The Court further recognizes defendant's long career of service as a firefighter, paramedic, and fire protection inspector [*Id.* at p. 3].

However, defendant's admission of sex addiction, his ability to conceal his activity from his family, and his presumed loss of employment outweigh these positive aspects of his history and characteristics. [Doc. 12, p. 3]. *See United States v. Sammons*, No. 2:19-cr-107, 2020 WL 613930, at *6 (S.D. Ohio Feb. 10, 2020). Defendant has stolen private intimate family photos and distributed them to others for sexual gratification, taken and saved upskirt photos of women from church, and has graphic conversations and hundreds of images of child pornography on his phone [Doc. 16, p. 4]. Moreover, defendant's reputation in his community as a paramedic and firefighter creates an incentive

8

to flee to avoid shame. *See Sammons*, 2020 WL 613930, at *5 (stating that the defendant's reputation in the community for his service in the Army created an immense incentive to flee from allegations of shame).

Finally, defendant is subject to a lengthy period of incarceration if convicted. Punishment for violation 18 U.S.C. § 2252A(a)(2) includes a term of imprisonment of 5 to 20 years, and punishment for violation of 18 U.S.C. § 2252A(a)(5) includes a term of imprisonment of up to 20 years when the offense involves prepubescent minors. 18 U.S.C. §§ 2252A(b)(1)–(2); *see Sammons*, 2020 WL 613930, at *5 (finding that a minimum of 15 years in prison is significant prison time). This lengthy term of imprisonment increases the risk of flight and warrants pretrial detention.

For the foregoing reasons, the Court agrees with Judge Poplin that the § 3142(g) factors support pretrial detention because defendant presents a danger to the community and a flight risk. Defendant's arguments to the contrary do not change the Court's conclusions. Therefore, Defendant's Motion for Revocation of Detention Order [Doc. 14] will be **DENIED**.

### III. Conclusion

For the foregoing reasons, Defendant's Motion for Revocation of Detention Order [Doc. 14] is hereby **DENIED**. Defendant shall remain detained pending trial.

**IT IS SO ORDERED.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

9