# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Docket No.: 3:22-CR-60 |
| | ) | Judge Varlan |
| DAVID B. KING | ) | |

**SENTENCING MEMORANDUM FOR THE UNITED STATES AND RESPONSE TO DEFENDANT'S OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT (PSR)**

The defendant has entered into a plea agreement of the kind specified in Federal Rule of Criminal Procedure 11(c)(1)(B). The United States and the defendant agree the appropriate sentence is 121 months imprisonment [Doc. 25, Pg. 5]. Both parties understand that the agreed upon sentence is not binding on the Court and that if rejected by the Court, may not be used as a basis to rescind the plea agreement, or withdraw the defendant's guilty plea. However, the United States respectfully asks this Court to consider the specific sentence agreed to by the parties.

If a plea agreement includes a specific sentence, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the Court may accept the agreement if the Court is satisfied that: (1) the agreed sentence is within the applicable guideline range; or (2)(A) the agreed sentence is outside the guideline range for justifiable reasons; and (B) those reasons are set for with specificity in the statement of reasons form. U.S.S.G. §6B1.2(b). The guideline range as to count One and Three calculated in the PSR is 135-168 months imprisonment. [Doc. 33, Pg. 12 ¶ 75]. The agreed upon sentence is below the guideline range as properly calculated by the Presentence Investigative Report (PSR) writer. The discrepancy between the PSR guidelines range and the

1

plea agreement stems from the miscalculation of the guidelines range by the United States in working out a plea agreement. The United States mistakenly estimated the Specific Offense Characteristic of Distribution in Exchange for Valuable Consideration in §2G2.(b)(3) as a two-level enhancement which would give a guidelines range after acceptance at a level 30 for a range of 97-121. However, based on the facts of the case §2G2.(b)(3) should have been a five-level enhancement as calculated in the PSR. (For further analysis see directly below.)

**RESPONSE TO DEFENDANT'S OBJECTIONS TO THE PSR**

Defendant's only objection to the PSR is the five-point enhancement pursuant to §2G2.(b)(3)(B). Defendant argues under *United States v. Oliver*, 919 F.3d 393, 402 (6th Cir. 2019), that the United States has not met its burden of showing an implicit or explicit agreement that the defendant knowingly distributed his child sexual abuse material (CSAM) to obtain something of valuable consideration. *Id.* at 403-04. However, the defendant agrees that he communicated with other CSAM collector on Telegram, a secure messaging application where he openly traded CSAM to enhance his own CSAM library [Doc. 33, Pg. 6 ¶ 18]. An example of the type of communication the defendant had on Telegram was as follows: an unidentified CSAM collector texted the defendant asking if the defendant "Trade CP?" to which the defendant responded, "Whatcha got?" The unidentified CSAM collector sends a CSAM video to the defendant. (See screenshot below.)



2

The defendant's actions surrounding his CSAM distribution meet the *Oliver* requirements and §2G2.(b)(3)(B) requirements. However, the United States and the defendant negotiated a plea agreement in good faith arriving at a 121 month imprisonment sentence that both parties believed was sufficient under 18 U.S.C. §3553(a).

STATEMENT OF FACTS

1. *Overview*

Every distribution/possession case involving CSAM that comes through all Court systems have their own unique set of facts that are disturbing and shock the moral compass of society. This case is no different. This defendant was a distributor/possessor of CSAM. Defendant was adept at obtaining the CSAM without detection. Defendant used end to end encryption making it almost impossible for detection by law enforcement. But as most criminals who get caught, their drive for more CSAM results in making a mistake. Defendant's mistake was purchasing CSAM from a Russian account known for selling CSAM on PayPal [Doc. 33, Pg. 5 ¶ 13]. This purchase ultimately led to the defendant's conviction. Defendant had 595 images and 151 videos of CSAM on his cell phone [Doc. 33, Pg. 7 ¶ 25]. Of defendant's CSAM collection, he had 26 identified CSAM series.

The defendant's depravity does not stop at children. Defendant is an admitted sex addict. His cell phone not only contained CSAM but also had upskirt photos of woman from the defendant's church, along with photos of women's bottoms in tight clothing taken at retail stores. Defendant's sex driven photos did not stop at CSAM and unknowing women. Defendant had communications on his cell phone with an unidentified person wherein he shared nude photos of an adult female member of his family. The communications contained nude images of the female, discussions of sexual desires regarding the female, and the possibility of breaking into

3

her cell phone to get other similar photos. Defendant has left a long line of victims in his wake to satisfy his sexual needs.

### 2. *Impact upon defendant's victims*

The defendant has impacted literally hundreds of child victims by distributing and possessing their CSAM images. The defendant's victim both children and adults alike are nothing more than objects to the defendant to be used for his sexual pleasure.

The defendant's acts of distribution and desire for a collection of CSAM results in a continuing market for production of CSAM images and videos victimizing countless additional children. More troubling is the ever-growing market for CSAM images which is becoming increasingly more graphic and violent. The capabilities of the internet allows for child predators to remain anonymous in surfing the internet for CSAM.

## ANALYSIS

### 3. *The factors stated in 18 U.S.C. § 3553(a) favor a guideline sentence.*

As the Court and the defendant are aware, the sentence to be imposed should be "sufficient, but not greater than necessary," to meet the following needs as set forth in 18 U.S.C. § 3553(a). Specific to the instant case, three factors for consideration are:

    (A) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant;

    (D) to provide medical care and corrective treatment.

**(A)** **<u>The sentence to be imposed should be sufficient, but not greater than necessary, to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment.</u>**

When fashioning an appropriate sentence, the seriousness of the offense, promotion of

4

respect for the law and just punishment are all factors to consider. There are two facts known to be true in this case. First, distributing and possessing CSAM are serious crimes. Period. Second, the defendant was responsible for not only building his CSAM library at the expense of children but distributing the images to others. His actions caused a domino effect for more supply and demand for CSAM, more child victims and ever-increasing demands for more disturbing ways to sexually violate children.

Defendant has slid down a dangerous slope as a result of his sexual proclivities. His crimes are serious and troubling. The defendant's crimes against children were not a one-time criminal anomaly. We know the defendant was distributing CSAM for over a year [Doc. 33]. How long had his addiction to CSAM gone one before he was caught? Importantly, how many other children has he victimized? It is obvious from the defendant's actions he had no intention of stopping his crimes against children.

**(B)** **A sentence to include imprisonment would afford adequate deterrence to criminal conduct.**

Section 3553(a) also guides the Court to consider the need for a sentence that affords adequate deterrence to criminal conduct. From the standpoint of sentencing, deterrence takes two forms: (1) specific deterrence, to deter similar crimes by the defendant who is being sentenced, and (2) general deterrence, to deter criminal actions by others who may contemplate committing similar offenses. A sentence within the guideline range or the agreed upon sentence of 121 months imprisonment is hopefully consistent with at least the idea of general deterrence.

It is imperative the defendant and would be child predators know crimes against children will not be tolerated and those who commit said crimes will suffer stiff consequences. If nothing else a stiff sentence will tell each of the defendant's victims they are important and NOT forgotten.

A stiff sentence also sends a message to society that the act of distributing and possessing CSAM is a crime against a child. The messages sent is that perpetuation of distribution and possessing CSAM is just as serious as creating the CSAM material. Committing crimes that support the supply and demand of CSAM affects every child, past and future that have been sexually abused for an image or video. If a long sentence keeps at least one child from being sexually victimized the sentence provided general deterrence.

If the sentence results in specific deterrence for the defendant, that is a bonus, but it will never rectify the damage his has done to hundreds of children who will live with the knowledge that their CSAM imagery is out on the internet to be viewed by millions.

**(C)** **A sentence within the guideline range will protect the public from further crimes by the defendant.**

Most importantly, our children need to be protected from the acts of this defendant. Defendant has no concern for the victims of his crimes. His criminal actions demonstrate he wants the CSAM industry to continue growing. Taking the defendant out of society will ensure that one less supporter of the CSAM industry is off our streets during his time of incarceration. To put it another way, a generation of children will be a bit safer.

**(D)** **A sentence to include corrective mental health treatment is appropriate.**

Defendant should be required to receive mental health and sex offender treatment.

**WHEREFORE**, for the reasons stated above, the United States would request this honorable Court to impose a sentence either the agreed upon sentence of the parties to 121 months imprisonment or to a guideline sentence within the guideline range of 135-168 months

6

imprisonment, along with a term of supervised release, restitution, forfeiture, fines, special assessments, and special conditions the Court deems appropriate for the defendant.

        Respectfully submitted,

        FRANCIS M. HAMILTON III
        United States Attorney

By:   *s/ Jennifer Kolman*
      Jennifer Kolman
      Assistant United States Attorney
      800 Market Street, Suite 211
      Knoxville, Tennessee 37902
      (865) 545-4167